UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

                                           NOTICE OF MOTION

       -against-

                                   07 Cr. 387(CLB)

PLUTARCO ANGULO-AGUIRRE,

                  Defendant

-------------------------------------------------------x

S I R :

      PLEASE TAKE NOTICE, that upon the annexed affirmations of Michael F. Keesee, Esq.,  the annexed exhibits attached hereto as well as the pleadings and all prior proceedings heretofore had herein, the undersigned will move this Court before the Honorable Charles L. Brieant, United States District Court Judge for the Southern District of New York, presiding at the United States Courthouse located at 300 Quarropas Street, White Plains, New York 10601, at 9:00 of the forenoon on September 26, 2007,  for an ORDER granting the following relief:

      1.      A Bill of Particulars pursuant to Federal Rules of Criminal Procedure 7 (f).

      2.      Directing the Government to disclose any evidence it intends to introduce of other crimes, wrongs, or acts, including uncharged crimes pursuant to Federal Rule of Evidence, Rule 404 (b), and conducting a hearing before trial to determine whether such evidence should be precluded.

      3.      Discovery pursuant to Federal Rules of Criminal Procedure, Rule 16.

      4.      Compelling the Government to disclose the identity, Social Security number, dates of birth, address and criminal history of any confidential informants

used by the Government in this case, as well as any other information the Court deems appropriate or, in the alternative make these people available for counsel to interview pursuant to Rule 12 of the Federal Rules of Criminal Procedure.

5.     Precluding the Government from impeaching the defendant's credibility with evidence of prior convictions and/or prior "bad acts", pursuant to Federal Rules of Criminal Procedure, Rule 17.1, and Federal Rules of Evidence, Rule 609, and the in limine doctrine enunciated in Luce v. United States, 469 U.S. 38, 40 n.2 (1984).

6.     Directing the Government to disclose all exculpatory and impeachment materials, pursuant to Brady v. Maryland, 373 U.S. 83 (1963); United States v. Agurs, 427 U.S. 97 (1976); and Giglio v. United States, 405 U.S. 150 (1972), by a date certain well in advance of trial.

7.     Directing the Government to disclose its intentions of offering statements pursuant to Federal Rules of Evidence, Rule 801 (d) (2), with a specification of the
statements which the Government intends to offer.

8.     Directing the Government, pursuant to United States v. Giglio, 405 U.S. 150 (1972); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); United States v. Cannone, 528 F.2d 269 (2d Cir. 1975); United States v. Baum, 482 F.2d 1325 (2d Cir. 1973); and Federal Rules of Evidence, Rules 608 and 609, to provide the defendant with a list of its witnesses at this time, or in the alternative, sufficiently before trial.

9.      Directing the Government to disclose early "Jencks Act" materials under Title 18 U.S.C. Section 3500, and preservation and retention of all Government agents' "rough notes".

10.     Granting defendant an extension of time within which to file further pretrial motions resulting from information obtained pursuant to these pretrial motions, as well as from continuing investigation of this matter.

11.     Permitting the defendant PLUTARCO ANGULO-AGUIRRE to join in the motions of his co-defendants to the extent applicable and appropriate.

12.     Granting such other and further relief as the court may deem just and proper.

Dated:  Port Chester, NY
        August 20, 2007                          Respectfully Submitted,


_____
                                Michael F. Keesee, Esq. (8957)
                                    Attorney for Defendant
                                PLUTARCO ANGULO-AGUIRRE
                                327 Irving Avenue
                                Port Chester, NY  10573
                                914 937-3880

TO:  CLERK OF THE COURT
     UNITED STATES DISTRICT COURT
     300 QUARROPAS STREET
     WHITE PLAINS, NEW YORK 10601

TO:   HONORABLE CHARLES L. BRIEANT
      UNITED STATES DISTRICT JUDGE
      UNITED STATES COURTHOUSE
      300 QUARROPAS STREET
      WHITE PLAINS, NEW YORK 10601

      UNITED STATES ATTORNEY
      SOUTHERN DISTRICT OF NEW YORK
      NOLA B. HELLER, ESQ.
      ASSISTANT UNITED STATES ATTORNEY
      300 QUARROPAS STREET
      WHITE PLAINS, NEW YORK 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

              -against-

PLUTARCO ANGULO-AGUIRRE,

               Defendant

-------------------------------------------------------x

<u>AFFIRMATION</u>

07 Cr. 387 (CLB)

      MICHAEL F. KEESEE, ESQ., an attorney duly admitted to practice before this Court, affirms under penalty of perjury pursuant to 28 USC 1746 as follows:

      1.      I represent defendant PLUTARCO ANGULO-AGUIRRE, having been appointed pursuant to the Criminal Justice Act. 18 USC section 3006A.

      2.      I submit this affirmation in support of defendant's motion for the relief enumerated in the annexed Notice of Motion.

      3.      That the statements made herein are true to my own knowledge except as to those statements made upon information and belief, which statements I believe to be true. The sources of my information and belief are a review of the Court records in this matter, discovery materials provided by the Government, conversations with the prosecutor, the co-defendants' attorneys, and the defense investigation in this matter.

      4.      Defendant and three co-defendants (Jorge Flores, German Cuadrado and Rafael Rodriguez) are charged in a four count indictment. The first count of the indictment alleges a conspiracy to violate sections 1201(a)(1) of Title 18, United States Code, kidnapping and transporting a person in interstate commerce. The second count charges the substantive count of kidnapping two individuals in Blauvelt,

New York, and transporting them to New Jersey.  The third count of the indictment alleges a conspiracy to commit robbery in violation of 18 USC 1951(a). The fourth count of the indictment alleges the robbery pursuant to 18 USC 1951(a) and (2). The date of the crimes alleged in the indictment is September 13, 2006. The crux of the allegations are that the defendants conspired and hijacked a truck with a load of perfume. The truck had two individuals in it when it was hijacked. The two individuals were allegedly forced into the sleeping compartment of the truck, which was then driven to New Jersey.  The indictment specifies one overt act attributable to PLUTARCO ANGULO-AGUIRRE and the other defendants. In paragraph 3 (a), it states,  to wit, that "On or about September 13, 2006, GERMAN CUADRADO. A/K/A "Geraldo," JORGE FLORES, PLUTARCO ANGULO-AGUIRRE, a/k/a "Matatan," and RAFAEL RODRIGUEZ, a/k/a "Dance,"   went to the vicinity of a warehouse in Blauvelt, New York"

5.     PLUTARCO ANGULO-AGUIRRE was arrested in Florida in June 2007.  He is presently detained without bail under 18 U.S.C. 3142 (f) pursuant to an Order of Detention Pending Trial.

6.     This motion is concerned with several distinct issues, which, for purposes of clarity and convenience, are treated under separate subheadings.

<u>BILL OF PARTICULARS</u>

7.     The indictment charges a conspiracy to hijack a truck, but contains scant details regarding the criminal conduct attributable to PLUTARCO ANGULO-AGUIRRE.  Pursuant to Rule 7 (f) of the Federal Rules of Criminal Procedure, the defendant moves that the court order the Government to serve and file a Bill of

Particulars of the following which is essential to enable defendant to adequately prepare for trial and to enable defendant to plead double jeopardy in the event of a subsequent prosecution for the same offense.

8.      The Bill of Particulars requested will provide details of the charge necessary to prepare a defense, to avoid prejudicial surprise at trial and to protect against a second prosecution based upon the same facts.

9.      On July 13, 2007 your affirmant previously sought a Bill of Particulars from the Government by letter.   However, to date the Government has failed to respond to this request.

10.     Defendant moves that the prosecution be ordered to state the following:

a.      The identity of the alleged co-conspirators including those both named and not named in the indictment.

b.      The date on which the conspiracy charged in the indictment began.

c.      The dates on which each member joined the conspiracy.

d.      The dates and locations of all meetings or conversations relating to the conspiracy or acts in which my client allegedly participated during the course of the conspiracy.

e.      The dates, places and description of all overt acts not specified in each conspiracy count.

f.      The date on which the conspiracy ended.

## DISCLOSURE OF EVIDENCE THE GOVERNMENT INTENDS TO INTRODUCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404 (b) AND DIRECTING A HEARING PRIOR TO TRIAL TO DETERMINE THE ADMISSIBILITY OF SUCH EVIDENCE

11.     Other than providing a copy of defendant's criminal record, the Government has failed to indicate whether it intends to present evidence of uncharged crimes, wrongs or acts at trial.  The instant motion seeks a ruling that the Government must make disclosure of such, intention by a date certain, sufficiently in advance of trial so that the defendant is able to properly prepare for trial regarding such 404 (b) evidence.

The defendant also requests a hearing on the admissibility of such evidence.

## DISCOVERY AND INSPECTION

12.     The Government has made certain  discovery available to the defense pursuant to Federal Rule of Criminal Procedure 16 (a). By letter dated  July 13, 2007, the defendant set forth a formal discovery demand and demand for Bill of Particulars. Pursuant to Rule 16.1 of the Local Criminal Rules, I certify that I have conferred with Government's counsel in an effort to resolve by agreement, without the Court's intervention, the issues raised in this motion pertaining to discovery and a bill of particulars.  We  have been unable to reach such an agreement.  The following additional discovery is requested at this time.  I submit that the various discovery requests which are the object of the instant motion are reasonable, and that the

information sought herein is necessary to enable the defendant to adequately prepare his defense in light of the scope and breadth of the conspiracy charge herein. The defendant requests:

a.    Any and all written or recorded statements, or copies thereof, made by my client as well as any co-defendants or co-conspirators.

b.    Any and all written records, including memoranda or notes of interviews, containing the substance of any oral statements made by my client or co-defendants or co-conspirators at any time to investigative officers.

c.    The substance of any and all oral statements made by my client or co-defendants or co-conspirators which the Government intends to use at trial.

d.    Any statement, confession or admission relating directly or indirectly to the charges in this case, made by my client or co-defendants or co-conspirators to investigative officers or third parties.  This request includes but is not limited to, any memoranda or notes of any interviews of my client or co-defendants or co-conspirators made by investigative officers or third parties.

e.    The identity of all Government agents or other persons present at the time any oral statements referred to in the previous requests were made.

f.    Any documents reflecting or relating to any identification procedures relevant to this case; the date, time, location, and circumstances of, and the identity of all persons present during any such procedure; and whether any person participating in such a procedure failed to identify, or did not unequivocally identify my client or any other person.

g.     Any and all documents and things that were obtained from or belong to my client or co-defendants.

h.     Any and all documents and tangible objects, including audio or video tape recordings,  and physical evidence, that the Government intends to use at trial as evidence in its case in chief, that have not been previously provided.

i.     Any and all documents and tangible objects that are material to the preparation of my client's defense.

j.     Any and all documents reflecting or relating to results or reports of physical or mental examinations, scientific or laboratory tests or experiments, or copies thereof, that were conducted in connection with any investigation of the charges contained in the indictment or that are material to the preparation of the defense or that the Government intends to use at trial, which were not previously provided by the Government.

k.     Any additional warrants in connection with this case and the applications therefore that have not been previously provided.    In addition, any documents generated in or as a result of the execution of any warrants.

l.     Identify and describe any evidence the Government may seek to offer at trial under Rule 404 (b) of the Federal Rules of Evidence.

m.     Any and all exculpatory or impeaching material or information in the Government's possession, custody, or control, or which is otherwise known to the Government or in the exercise of due diligence may become known, and any and all documents reflecting or relating to such material or information.

n.    Any and all promises, understandings, or agreements, whether oral or in writing, between the Government and its agents and persons whom the Government intends to call as witnesses.

n.    Any efforts on the part of the Government and its agents to aid or obtain benefits for persons whom the Government intends to call as witnesses.

o.    Any threat, whether oral or in writing, made to a Government witness by any law enforcement official or prosecutor which could arguably be developed on cross-examination.

p.    A list of any and all requests or complaints made to the Government by a witness which could arguably be developed on cross-examination to demonstrate any hope or expectation on the part of the witness for favorable Governmental action which is reflective of any bias in favor of the Government.

q.    Any material which is reflective of any bias or hostility of any witness against my client and any other material constituting impeachment material, including prior inconsistent statements made by witnesses, either orally or in writing, during proffer sessions, in other consultations with the Government, or which are otherwise known to the Government.

r.    Any evidence that a prosecution witness was suffering from any physical or mental disability, emotional disturbance, drug addition, or alcoholism at a time during or subsequent to the period covered by the indictment.

s.    Any lie detector reports, whether oral or written, relating to tests administered to a prosecution witness.

      t.      Any evidence of criminal or fraudulent conduct (state, federal or foreign) of any prosecution witness and a copy of each person's prior criminal history.

      u.      Identifying all cooperating or confidential informants ("CI"), by specifying (a) the CI's name, (b) when the CI began working for the Government as a confidential informant, (c) when the CI stopped working for the Government as a confidential informant, (d) whether the CI provided the Government with copies of any documents or tangible objects relative to the alleged crimes, and (e) identify each such document and tangible object.

      v.      Any and all written or recorded statements by each CI.

      w.      Disclose the compensation if any, received by any CI on which the Government relies in this case.

      x.      Any other items discoverable under Rule 16.

      13.      The Court has inherent supervisory power to control discovery. It is respectfully requested that the Government be directed to provide the defense with the discovery requested within the meaning of the Jencks Act, 18 U.S. Section 3500, and within the discretion of the trial court, prior to the testimony of witnesses and at least 30 days before trial in order to enable the defense to adequately prepare for trial.

      14.      While the general rule is that the Court cannot compel the Government to make production of witness statements and impeachment materials prior to trial, the Court has discretion to order production of such at a time in advance of trial that does not prejudice the Government and that will not cause delays in the

trial. Fairness and due process dictate that the defendant have access to such material at least thirty days in advance of trial.

15.     Moreover, under Rule 611 (a) of the Federal Rules of Evidence, the Court has wide discretion over the mode and order of proof at trial. This is relevant here in the event that the materials are voluminous; defendant would require sufficient time to read, digest and follow-up on the material. Accordingly, the Court would have the authority to delay cross-examination of these witnesses, or direct that they be called at a later date. None of these remedies is as expedient and fair to all parties as a prompt turn-over of the material.

16.     The defendant urges this Court to order the Government to provide him with the requested discovery now, or at least thirty days before the trial.

17.     In his discovery request, the defendant has sought detailed information from the Government concerning whether any out-of- court identification proceedings were utilized by law enforcement authorities in their investigation of the subject charges to identify PLUTARCO ANGULO-AGUIRRE as a participant in the charged conspiracy or the hijack-kidnapping. It was specifically requested that the Government disclose "any documents reflecting or relating to any identification procedures relevant to this case; the date, time, location and circumstances of, and the identity of all persons present during any such procedure; and whether any person participating in such a procedure failed to identify, or did not unequivocally identify my client or any other person." Absent discovery from the Government, the defense would not normally be privy to these types of information and materials, since pre-indictment identification procedures would generally involve processes and events

occurring exclusively within law enforcement and/or conducted exclusively under the control of law enforcement personnel in the absence of defense counsel. The Government has provided information that the victims of the crimes herein were unable to identify any of the perpetrators from photo arrays. However, it is believed that these same witnesses may testify at trial and may possibly make identifications at that time. In order to properly prepare for trial and to cross-examine such witnesses, the defendant requires information surrounding the showing of the photographic arrays to the witnesses. For that reason, the defendant requires the additional information sought in the demand letter dated July 13, 2007.

18.    Since we are aware that photos of the defendant Angulo-Aguirre were shown to potential witnesses, all information concerning such showing such should be turned over to the defense, along with copies of any notes taken by the authorities, so that any appropriate motions can be made to address any issues associated therewith, or to prepare for trial. Further, the names and addresses of any such viewing witnesses should be made available to defense counsel so that the descriptions given of the perpetrators can be had, and even the possibility of Brady material can be explored.

19.    The defendant would like to reserve the right to make a pre-trial motion addressed to any additional  identification procedure that the Government acknowledges. As the Court is well aware, an in-court identification of a defendant may be excludable if tainted by a pre-accusatorial identification procedure that is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable mis-identification.

COMPELLING THE GOVERNMENT TO DISCLOSE THE IDENTITY, SOCIAL

SECURITY NUMBER, DATES OF BIRTH, ADDRESS AND CRIMINAL

HISTORY OF ANY CONFIDENTIAL INFORMANTS OR COOPERATORS

USED BY THE GOVERNMENT IN THIS CASE, AS WELL AS ANY OTHER

INFORMATION THE COURT DEEMS APPROPRIATE OR, IN THE

ALTERNATIVE MAKE THESE PEOPLE AVAILABLE FOR COUNSEL TO

INTERVIEW PURSUANT TO RULE 12 OF THE FEDERAL <u>RULES OF</u>

<u>CRIMINAL PROCEDURE.</u>

20.     Upon information and belief, the Government will rely on the

testimony of one or more confidential informants (CI's) or cooperators at the trial of

this indictment.  Informants and cooperators  need to be disclosed if they are essential

or material to the defense and without such disclosure defendant would be denied a

fair trial.  In <u>Roviaro v. United States</u>, 353 U.S. 53 (1957), it was stated that the

Government's privilege to withhold an informant's identity gives way when such is

"relevant and helpful to the defense of the accused or is essential to a fair

determination" of the defendants case.

21.     The burden to show the necessity for such disclosure lies with the

defense.  <u>United States v. Lilla</u>, 699 F. 2d. 99 (2d Cir. 1983).

22.     In the instant case, it is believed that the CI's or cooperators would

have relevant, admissible testimony to deliver which would negate the Government's

claim that defendant participated in a conspiracy.

23.     It is vital to the defense to discover the identities of the CI's or cooperators, and to discover their testimony before the trial in order to assure that this defendant receives a fair trial.

PRECLUDING THE GOVERNMENT FROM IMPEACHING THE DEFENDANT'S CREDIBILITY WITH EVIDENCE OF PRIOR CONVICTIONS AND/OR PRIOR "BAD ACTS", PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 17.1, AND FEDERAL RULES OF EVIDENCE, RULE 609, AND THE IN LIMINE DOCTRINE ENUNCIATED IN LUCE V. UNITED STATES, 469 U.S. 38, 40 N.2 (1984).

24.     The defendant has prior convictions. The Court is respectfully requested to preclude the Government from impeaching the defendant's credibility with evidence of prior convictions and/or prior "bad acts".  The prejudice engendered by disclosing the defendant's prior convictions and/or prior "bad acts" would far outweigh any probative value in assessing the defendant's  credibility.  Some of the convictions include charges (thefts of other trucks)  similar to the substantive count herein.   Should this application be denied, the defendant may be precluded from testifying at trial.  The defendant has relevant testimony to give.  He should not be unduly prejudiced by having the jury hear about past convictions, bad acts or uncharged crimes.  Clearly, the probative value of such testimony is out weighed by prejudice to the defendant.

25.    Therefore, the defendant requests that this court preclude any evidence of the defendant's prior convictions, bad acts or uncharged crimes or in the alternative requests a hearing on this matter.

DIRECTING THE GOVERNMENT TO DISCLOSE ALL EXCULPATORY AND IMPEACHMENT MATERIALS, PURSUANT TO <u>BRADY V. MARYLAND,</u> 373 U.S. 83 (1963); <u>UNITED STATES V. AGURS</u>, 427 U.S. 97 (1976); AND <u>GIGLIO V. UNITED STATES</u>, 405 U.S. 150 (1972), BY A DATE CERTAIN WELL IN <u>ADVANCE OF TRIAL.</u>

26.    Defendant PLUTARCO ANGULO-AGUIRRE specifically requests information  and evidence, including the Government's promises of leniency and remunerative arrangements made to procure testimony from witnesses, including any confidential informant, evidence that tends to show prejudice by any witness, evidence which would tend to impeach the credibility of any witness, and any information that falls within the purview of <u>Brady</u>.   In a case as the present one, in which the burden of trial preparation will be substantial, delaying disclosure of such information until the eve of trial will impair defense counsel's ability to plan strategies and will unnecessarily create a burden of digesting a large amount of information in a compressed period of time.  Accordingly, the Government should be directed to comply promptly with its <u>Brady</u> obligations so that the defense can have a fair and meaningful opportunity to prepare for trial.

17

DIRECTING THE GOVERNMENT TO DISCLOSE ITS INTENTIONS OF

OFFERING STATEMENTS PURSUANT TO FEDERAL RULES OF EVIDENCE,

RULE 801(d) (2), WITH  A SPECIFICATION OF THE STATEMENTS WHICH

THE <u>GOVERNMENT INTENDS TO OFFER</u>


27.     It is not completely clear whether the Government intends to introduce statements made by the defendant on their direct case.  As of the date of this motion, the defendant has  been supplied with the sum and substance of two such  statements. The defendant has the right to know if any other  statements will be presented which will be attributed to him. This is necessary  in order to properly prepare for trial.  To deny this request would cause significant prejudice to defendant and would hinder his ability to receive a fair trial.  The Court is respectfully referred to Federal Rules of Evidence, § 801 (d) for authority for ordering this disclosure of defendant's statements.


DIRECTING THE GOVERNMENT, PURSUANT TO <u>UNITED STATES V. GIGLIO</u>, 405 U.S. 150 (1972); <u>NAPUE V. ILLINOIS</u>, 360 U.S. 264, 79 S.CT. 1173, 3 L.ED 1217 (1959); <u>UNITED STATES V. CANNONE</u>, 528 F.2D 296 (2D CIR. 1975); <u>UNITED STATES V. BAUM</u>, 482 F.2D 1325 (2D CIR. 1973); AND FEDERAL RULES OF EVIDENCE, RULES 608 AND 609 TO PROVIDE THE DEFENDANT WITH A LIST OF ITS WITNESSES AT THIS TIME, OR IN THE ALTERNATIVE, <u>SUFFICIENTLY BEFORE TRIAL.</u>

28.     The general rule is that the Government is under no obligation to divulge a list of its witnesses to defendant before trial. However, if the defendant can show he will suffer prejudice and not receive a fair trial, it is within the sound discretion of the trial court to order such disclosure.

29.     In the case at bar, this disclosure is needed so that defendant may prepare for trial. The defendant will be prejudiced unless he is aware of the identities of the witnesses, without which he will be unable to prepare to cross-examine such witnesses. As stated above, one of the main issues for trial will be whether the Government can prove that the defendant was involved in this particular conspiracy. Defendant believes that such witnesses should be interviewed before the trial so that the defendant is not prejudiced.

30.     In the alternative, defendant requests that such disclosure be made sufficiently before trial and not on the eve of same.


DIRECTING THE GOVERNMENT TO DISCLOSE EARLY "JENCKS ACT" MATERIALS UNDER TITLE 18 U.S.C. SECTION 3500, AND PRESERVATION AND RETENTION OF ALL GOVERNMENT AGENTS' "ROUGH NOTES".


31.     The Court, in its inherent supervisory power to control discovery, is respectfully requested to order the Government to provide the defense counsel with the requested discovery, within the meaning of the Jencks Act, 18 U.S.C. Section 3500, prior to the testimony of the witnesses and at least within 30 days of trial in

order to expedite the trial and avoid unnecessary delays as well as to provide the defense with sufficient time to prepare prior to trial. The defendant further moves the court to compel the Government to retain three categories of documents: (1) contemporaneous rough notes taken by Government agents of meetings, conversations or interviews during the course of his or her investigations; (2) the agents' subsequently prepared drafts of his or her reports of these incidents; and (3) the final reports signed by the Government agents.

GRANTING DEFENDANT AN EXTENSION OF TIME WITHIN WHICH TO FILE FURTHER PRETRIAL MOTIONS RESULTING FROM INFORMATION OBTAINED PURSUANT TO THESE PRETRIAL MOTIONS AS WELL AS FROM <u>CONTINUING INVESTIGATION OF THIS MATTER.</u>

32.    Defendant respectfully requests the opportunity to make additional motions, should information be revealed which warrants such motions, and which motions cannot be made at this time.

PERMITTING THE DEFENDANT PLUTARCO ANGULO-AGUIRRE, TO JOIN IN THE MOTIONS OF HIS CO-DEFENDANTS TO THE EXTENT APPLICABLE AND <u>APPROPRIATE.</u>

33.     The defendant PLUTARCO ANGULO-AGUIRRE, asks that he be permitted to join in the motions of his co-defendants to the extent they may be applicable to him.

34.     The Court has the inherent power to grant such relief which it deems just and proper.

_____

Michael F. Keesee, Esq. (8957)

Dated:  Port Chester, New York
        August 20, 2007



To:  AUSA NOLA B. HELLER
     UNITED STATES ATTORNEY'S OFFICE
     300 QUARROPAS STREET
     WHITE PLAINS, NY 10601