UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

PLUTARCO ANGULO-AGUIRRE,

                            Petitioner,

-against-

UNITED STATES OF AMERICA,

                            Respondent.

---------------------------------------------------------------x

16 CV 4523 (CM)
07 CR 387-03 (CM)

ORDER DENYING MOTION FILED PURSUANT TO 28 U.S.C. § 2255

McMahon, C.J.:

On September 13 and November 14, 2006, Angulo-Aguirre, along with others, robbed and kidnapped various truck drivers at gun point who were transporting valuable merchandise. (PSR at 8-12). On May 23, 2008, Angulo-Aguirre pleaded guilty pursuant to a plea agreement to five counts of an eight-count superseding indictment: Count One- conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c); Count Two- kidnapping in violation of 18 U.S.C. § 1201(a)(1) & (2); Count Four- conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a); Count Five- robbery in violation of 18 U.S.C. § 1951(a) & (2); and Count Seven- brandishing a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & (2), specifically, the crimes of violence charged in Counts One, Two, Four, and Five. (ECF Nos. 29, 170 (Judgment)).

On May 12, 2009, the Court sentenced Angulo-Aguirre to 294 months imprisonment (concurrent terms of 210 months imprisonment on Counts One, Two, Four, and Five, and 84 months on Count Seven, to run consecutively to the other sentences imposed). (ECF No. 170). Angulo-Aguirre filed an appeal in the Second Circuit, but later withdrew that appeal. (ECF No.

1

188). He is currently in a federal prison serving his sentence. His projected release date is May 2027.

On June 15, 2016, The Office of the Federal Public Defender filed a petition on behalf of Angulo-Aguirre, pursuant to the "*Johnson*" standing orders issued by the Court. *See* In re: Motion for Sentencing Reductions Under 28 U.S.C. § 2255 In Light of *Johnson v. United States*, 15 Misc. 373 (LAP) (S.D.N.Y. Nov. 18, 2015), and 16 Misc. 217 (CM) (S.D.N.Y. June 8, 2016). On the same day, the Court held the motion in abeyance pending further decisions by the Second Circuit and ordered that the motion was to be "supplemented on a future date by a brief that more fully sets forth the basis of the requested relief." (ECF No. 218). On April 27, 2017, Angulo-Aguirre filed a supplemental *pro se* memorandum arguing that "none of his underlying convictions can be used for the purposes of a § 924(c) conviction" (the crime he was convicted of in Count Seven), because the "residual clause" of § 924(c) is impermissibly vague based on the rationale applied in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and its progeny. (ECF No. 230 at 2-6). Angulo-Aguirre retained counsel and on February 19, 2019, counsel filed an additional memorandum in support of the motion. On June 24, 2019, the Supreme Court decided *United States v. Davis*, holding that § 924(c)'s residual, or risk-of-force, clause defining a "crime of violence" was void for vagueness and thus unconstitutional. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). On July 1, 2019, this Court ordered the Government to file a response to the motion, in light of *Davis*. (ECF No. 252). The Government responded and counsel for petitioner replied.

<u>Angulo-Aguirre § 924(c) Conviction Properly Rests on a "Crime of Violence"</u>

The Government's procedural attacks on the instant petition aside, Angulo-Aguirre's *Johnson/Davis* claim is without merit.

2

A defendant is guilty of violating § 924(c) if he used or carried a firearm during and in relation to, or possessed a firearm in furtherance of, a "crime of violence" or "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is defined as a felony that (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the force clause) or (2) "by its nature . . . involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the risk-of-force clause). *Id.* § 924(c)(3)(A), (B).

In *Davis*, the Supreme Court held that § 924(c)(3)(B)'s risk-of-force clause is unconstitutionally vague in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Davis*, 139 S. Ct. at 2325-27, 2336. In so ruling, *Davis* rejected the contention that § 924(c)(3)(B)'s vagueness concerns could be avoided by applying the statute to a defendant's case-specific conduct with a jury making the requisite findings about the nature of the predicate offense and the attendant risk of physical force being used in its commission. *Id.* at 2327-33. Rather, *Davis* held that the categorical approach applied in which courts "had to disregard how the defendant actually committed his crime" and "imagine the idealized 'ordinary case' of the defendant's crime" is unconstitutional. *Id.* at 2326-27, 2336 (internal citation omitted).

However, there is no suggestion in *Davis*, *Dimaya*, or *Johnson* that the language of the *force* clause appearing in the statutes under consideration—§ 924(c), Section 16, or the ACCA, respectively—was suspect. Nor could such a suggestion be made about § 924(c)'s force clause, which the Second Circuit recently reconfirmed covers at least one of the predicate crimes in this case: Hobbs Act robbery. *See United States v. Hill,* 890 F.3d 51, 56-60 (2d Cir. 2018). As the *Hill* Court explained, using the so-called "categorical" approach, 18 U.S.C. § 1951(b)(1)'s

3

requirement that the defendant commit robbery by means of "actual or threatened force," "violence," or "fear of injury" qualifies the offense as one which has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *see Hill*, 890 F.3d at 57-60.

In reaching this conclusion, the Second Circuit joined every other Court of Appeals to have considered the question. *See, e.g.*, *United States v. García-Ortiz*, 904 F.3d 102, 106-09 (1st Cir. 2018); *United States v. Robinson*, 844 F.3d 137, 141-44 (3d Cir. 2016); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017), *vacated on other grounds sub. nom.*, *Anglin v. United States*, 138 S. Ct. 126 (2017) (mem.); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 467-68 (9th Cir. 2016); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064-66 (10th Cir. 2018); *In re Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016). And, on January 7, 2019, the Supreme Court denied *certiorari* in *Hill*. 139 S. Ct. 844 (2019).

Based on the foregoing, Angulo-Aguirre's Motion fails on the merits. *Hill* expressly rejected the same challenge that defendant makes here: "We agree with all of the circuits to have addressed the issue and hold that Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Hill*, 890 F.3d at 60 (quoting § 924(c)(3)(A)). The Supreme Court's decision in *Davis* did nothing to undermine *Hill*. Accordingly, Hobbs Act robbery is a crime of violence under § 924(c)(3)(A) and properly supports Angulo-Aguirre's § 924(c) conviction.

The motion is denied.

4

Because the Petitioner has not made a substantial showing of denial of a constitutional right, a certification of appealability will not issue. *United States v. Perez*, 129 F.3d 255, 260 (2d Cir.1997). The Court further finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from an order denying Angulo-Aguirre's motion would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 82 (1962).

This constitutes the decision and order of the Court.

Dated: December 10, 2019

_____
Chief Judge

BY ECF TO ALL PARTIES