UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,

    -against-

PLUTARCO ANGULO-AGUIRRE,

              Defendant.

------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/2022

07 CR 387-03 (CM)

DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

McMahon, J.:

On September 13 and November 14, 2006, Angulo-Aguirre, along with others, robbed and kidnapped various truck drivers at gun point who were transporting valuable merchandise. (PSR at 8-12). On May 23, 2008, Angulo-Aguirre pleaded guilty pursuant to a plea agreement to five counts of an eight-count superseding indictment: Count One- conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c); Count Two- kidnapping in violation of 18 U.S.C. § 1201(a)(1) & (2); Count Four- conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a); Count Five- robbery in violation of 18 U.S.C. § 1951(a) & (2); and Count Seven- brandishing a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & (2), specifically, the crimes of violence charged in Counts One, Two, Four, and Five. (ECF 29, 170 (Judgment)).

On May 12, 2009, the Court sentenced Angulo-Aguirre to 294 months imprisonment (concurrent terms of 210 months imprisonment on Counts One, Two, Four, and Five, and 84 months on Count Seven, to run consecutively to the other sentences imposed). (ECF 170). Angulo-Aguirre filed an appeal in the Second Circuit, but later withdrew that appeal. (ECF 188).

On May 23, 2017, the Court granted a motion filed by the Government pursuant to Rule 35, asking the Court to reduce Angulo-Aguirre's sentence, to the extent Angulo-Aguirre's sentence was reduced from 294 months to 270 months.

On December 10, 2019, the Court denied a motion defendant filed pursuant to 28 U.S.C. § 2255, asking the Court to reduce his sentence in light of the *Johnson/Davis* line of cases. (ECF 265); affirmed by the Court of Appeals on March 24, 2021. *Angulo-Aguirre v. United States*, No. 20-452, 2021 WL 2792933, at *1 (2d Cir. Mar. 24, 2021), cert. denied, 142 S. Ct. 211 (2021).

Angulo-Aguirre is currently serving his sentence at Coleman Medium FCI—his Bureau of Prisons projected release date is December 30, 2026.

Before the Court is Angulo-Aguirre's motion filed pursuant to 18 U.S.C. §3582(c)(1)(a)(i) and 28 C.F.R. § 571.61, asking "the Court modify the 270-month sentence it imposed on May 12, 2009 and immediately release him for deportation. We move for this extraordinary remedy to meet an equally extraordinary problem: Mr. Angulo-Aguirre's age, respiratory allergies, hyperlipidemia, and high blood pressure places him at significantly greater risk of contracting Covid-19 and suffering its most dire complications." (ECF 283).[1]

The Government opposes the motion on the grounds that Angulo-Aguirre has failed to demonstrate extraordinary and compelling reasons warranting compassionate release, and the sentencing factors at 18 U.S.C. § 3553 weigh against a reduction in sentence. (ECF 284).

Compassionate Release

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called

---

[1] Angulo-Aguirre file a *pro se* motion for compassionate release on October 20, 2020. (ECF 275). The Court assigned counsel to assist Angulo-Aguirre with his motion and counsel filed a letter motion augmenting the arguments made in Angulo-Aguirre's *pro se* motion. (ECF 283). The Court has considered the arguments made in both filings in deciding the present motion.

compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court must then consider whether the defendant has met his burden of establishing "extraordinary and compelling circumstances" warranting release.[2] In the past, this Court—and many of my district court colleagues—looked to United States Sentencing Guidelines § 1B1.13 (the applicable Guidelines section for sentencing reductions pursuant 18 U.S.C. § 3582(c)(1)(A)(i)), for guidance on what constituted "extraordinary and compelling circumstances."[3] That changed on September 25, 2020, when the United States Court of Appeals

---

[2] "A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue." *See, e.g., United States v. Butler,* 970 F.2d 1017, 1026 (2d Cir. 1992).

[3] The Application Notes to Section 1B1.13 describe the circumstances under which "extraordinary and compelling reasons" exist. *See* § 1B1.13 comment (n.1). For example, the medical circumstances ground reads as follows:

(A)   Medical Condition of the Defendant.—

    (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia

    (ii)   The defendant is—

        (I)   suffering from a serious physical or medical condition,

3

for the Second Circuit held that § 1B1.13 is not applicable to a motion brought by a defendant in the district court. *United States v. Brooker* No. 19-32180-CR, 2020 WL 5739712, at *6 (2d Cir. Sept. 25, 2020). The Second Circuit reasoned that the language of § 1B1.13—language that has not been updated since the passing of the First Step Act—addressed only sentencing reduction motions initiated by the Bureau of Prisons. *Id.* In making clear that the district court was not constrained by the narrow grounds for granting compassionate release in § 1B1.13, the Second Circuit declared unequivocally that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release," and that "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *Id* at *7.

What *Brooker* did not change, however, is the mandate in § 3582(c)(1)(A)(i) that a court contemplating a defendant's release pursuant to that section must first consider the sentencing factors at 18 U.S.C. § 3553(a), to the extent they are applicable, and determine whether they counsel for or against release. A court may still deny compassionate release where the § 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances.

---

        (II)     suffering from a serious functional or cognitive impairment, or

        (III)    experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self- care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 comment (n.1).

<u>Angulo-Aguirre Exhausted his Administrative Remedies in the Bureau of Prisons</u>

Angulo-Aguirre submitted a request for compassionate release to the warden of Coleman Medium FCI, arguing that he should be released because of the numerous outbreaks of COVID-19 at Coleman. The warden denied his request on October 8, 2020.

Accordingly, Angulo-Aguirre has exhausted his administrative remedies, and the present motion for compassionate release is properly before the Court.

<u>The Motion Before the District Court</u>

Angulo-Aguirre says that he suffers from respiratory allergies, hyperlipidemia, and high blood pressure. (Mot. at 1.) He argues that these conditions, along with his age, leaves him vulnerable to severe illness caused by COVID-19, and that he is more likely to contract the virus at Coleman Medium FCI. (Mot. at 3).

While Angulo-Aguirre's medical records confirm that Angulo-Aguirre suffers from hyperlipidemia (*see* Angulo-Aguirre's Bureau of Prisons medical records at 20-21), there is no indication that he suffers from either respiratory allergies, (*see* BOP medical records at 18 (no allergies listed by examining physicians) and 30 (patient denied any allergies)), or from hypertension, (*see medical records* at 22 (hypertension diagnosis in 2011 and in remission since 2016)). As for his hyperlipidemia (high cholesterol), the U.S. Centers for Disease Control and Prevention ("CDC") does not include hyperlipidemia on the list of medical conditions that elevates a person's risk of suffering a negative outcome from COVID-19. *See* CDC *People with Certain Medical Conditions*, May 3, 2021, https://www.cdc.gov/coronavirus/2019-ncov/need-extra- precautions/people-with-medical-conditions.html. Nor does defendant's age (59-years-old) place him in the category of persons more likely to become severely ill from COVID-19. *Id.* (COVID-19 elevated risk list does not include adults under the age of 65). Accordingly, Angulo-

5

Aguirre is not among the persons that the CDC has determined to be at risk of suffering a severe form of illness caused by COVID-19.

Equally important, Angulo-Aguirre's BOP medical records show that, as of February 2021, he has received both doses of the Moderna COVID-19 vaccine. (Medical Records at 27). Recent data from the CDC confirms that—even with respect to the ubiquitous Omicron subvariants, including B.1.1.529, BA.1, BA.1.1, BA.2, BA.3, BA.4 and BA.5—the COVID-19 vaccines dramatically reduce the risk of death or serious illness. See https://www.cdc.gov/coronavirus/2019-ncov/variants/about-variants.html (Updated April 26, 2022). And as several courts have concluded, the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated. *See, e.g.*, *United States v. Mena*, No. 16 CR. 850 (ER), 2021 WL 2562442, at *3 (S.D.N.Y. June 23, 2021) ("Access to an approved COVID-19 vaccine generally counsels against compassionate release based on COVID risk, due to the strong evidence of the effectiveness of each of the vaccines."); *United States v. Santana*, No. 18-CR-865 (VEC), 2021 WL 1819683, at *2 (S.D.N.Y. May 6, 2021) (finding no extraordinary circumstances due to "the efficacy of the COVID vaccines, and specifically the Pfizer vaccine" and citing data showing Pfizer vaccine is 94% effective against COVID-19 hospitalization); *United States v. Orlandez-Gamboa*, No. 99 CR. 654 (CM), 2021 WL 2582077, at *3 (S.D.N.Y. June 23, 2021) (finding defendant had failed to demonstrate extraordinary and compelling circumstances, even though he was in high-risk age group, because he was "fully vaccinated against COVID-19").

As for the state of COVID-19 at Coleman Medium FCI: the facility is currently reporting zero inmates and one staff member testing positive. BOP COVID-19

Dashboard. ttps://www.bop.gov /coronavirus. (Last visited June 13, 2022). Perhaps even more important, as of today, the medical personnel at Coleman Medium FCI have administered at least two doses of the COVID-19 vaccine to 851 staff members and 5,318 inmates. *Id.*

To the extent Angulo-Aguirre is arguing the challenging conditions of confinement caused by the pandemic—i.e., quarantines, limited visitation, etc.—warranted a sentence reduction, that reasoning would entitle every inmate who has been in BOP custody at any time since March 2020 to a sentence reduction. *See United States v. Bryant*, 2021 WL 738838, at *3 (S.D.N.Y. Feb. 24, 2021) (explaining that the severe conditions of confinement during the pandemic are "not unique to Mr. Bryant and do not militate strongly in favor of finding there are extraordinary and compelling reasons for a sentence reduction"). Of course, a person is almost always better on the sunny side of the prison wall; this is even more so during a pandemic.

Accordingly, Angulo-Aguirre has failed to demonstrate that his current medical condition and the threat of contracting COVID-19 at Coleman Medium FCI present extraordinary and compelling circumstances warranting his release.

Even if Angulo-Aguirre had met his threshold burden of demonstrating an "extraordinary and compelling" reason to be considered for compassionate release, the sentencing factors at 18 U.S.C. § 3553(a), which the Court considered at sentencing and must consider in connection with a motion for a sentence reduction, *see* 18 U.S.C. § 3582(c)(1)(A)—including, that the sentence reflect the nature and circumstances of the offense, the defendant's personal characteristics, the need to provide specific and general deterrence, and to promote respect for the law—arguably counsel against early release.

Angulo-Aguirre was one of the two leaders of an armed robbery crew that hijacked truck drivers at gun point and held them captive until the loot from the truck trailers was secured. It was a harrowing experience for the victim truck drivers in this case, who the Court still remembers—now, some 15 years later—sobbing on the witness stand as they told of the terror that they experienced at the hands of defendant's robbery crew. Angulo-Aguirre was 40 years old when he committed the hijackings involved in this case; a professional truck hijacker who had previously been convicted of similar truck thefts. Even accepting as true defendant's claim that he is a changed person, no longer an unrepentant highway robber (Angulo-Aguirre has taken a serious of BOP educational/betterment courses, and has had but a few disciplinary infractions while incarcerated), the sheer violence associated with his crimes makes defendant's request for compassionate release a hard ask for the Court.

The motion is denied.

Dated: June 13, 2022

_____
Colleen McMahon
District Court Judge

BY ECF TO ALL PARTIES