UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

UNITED STATES OF AMERICA,

    -against-                                                        07 CR 387-03 (CM)

PLUTARCO ANGULO-AGUIRRE,

                 Defendant.

————————————————————————x

DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

McMahon, J.:

On September 13 and November 14, 2006, Angulo-Aguirre, along with others, robbed

and kidnapped at gun point various truck drivers who were transporting valuable merchandise.

(PSR at 8-12). On May 23, 2008, Angulo-Aguirre pleaded guilty pursuant to a plea agreement to

five counts of an eight-count superseding indictment: Count One- conspiracy to commit

kidnapping in violation of 18 U.S.C. § 1201(c); Count Two- kidnapping in violation of 18 U.S.C.

§ 1201(a)(1) & (2); Count Four- conspiracy to commit robbery in violation of 18 U.S.C. §

1951(a); Count Five- robbery in violation of 18 U.S.C. § 1951(a) & (2); and Count Seven-

brandishing a firearm in connection with a crime of violence in violation of 18 U.S.C. §

924(c)(1)(A)(ii) & (2), specifically, the crimes of violence charged in Counts One, Two, Four,

and Five. (ECF 29, 170 (Judgment)).

On May 12, 2009, the Court sentenced Angulo-Aguirre to 294 months imprisonment

(concurrent terms of 210 months imprisonment on Counts One, Two, Four, and Five, and 84

months on Count Seven, to run consecutively to the other sentences imposed). (ECF 170).

Angulo-Aguirre filed an appeal in the Second Circuit, but later withdrew that appeal. (ECF 188).

1

On May 23, 2017, the Court granted a motion filed by the Government pursuant to Rule 35, asking the Court to reduce Angulo-Aguirre's sentence, to the extent Angulo-Aguirre's sentence was reduced from 294 months to 270 months.

On December 10, 2019, the Court denied a motion defendant filed pursuant to 28 U.S.C. § 2255, asking the Court to reduce his sentence in light of the *Johnson/Davis* line of cases. (ECF 265); affirmed by the Court of Appeals on March 24, 2021. *Angulo-Aguirre v. United States*, No. 20-452, 2021 WL 2792933, at *1 (2d Cir. Mar. 24, 2021), cert. denied, 142 S. Ct. 211 (2021).

Angulo-Aguirre filed a motion in 2020—at the advent of the COVID-19 Pandemic— asking the Court to immediately release him for deportation, pursuant to 18 U.S.C. §3582(c) (1)(a)(i). Angulo-Aguirre claimed that his "age, respiratory allergies, hyperlipidemia, and high blood pressure," placed "him at significantly greater risk of contracting Covid-19 and suffering its most dire complications." (ECF 275 and 283). The Court denied the motion, concluding that (1) Angulo-Aguirre had failed to demonstrate that his medical condition and the threat of contracting COVID-19 in prison presented an extraordinary and compelling circumstance warranting his release, and (2) the sentencing factors at 18 U.S.C. § 3553(a) counseled against his early release.

On January 22, 2025, Angulo-Aguirre filed another motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(a)(i). (ECF 330). He once again asks the Court to release him (essentially allow him to be deported) based on his age and the same medical maladies he raised in his previous motion, but also asks that the Court consider his efforts to educate himself while in prison, and his desire to be reunited with his seriously ill sisters. (*Id*. at 1-2).

The Government argues that Angulo-Aguirre's motion fails because he has failed to exhaust his administrative remedies with the Bureau of Prisons, has not established an

extraordinary and compelling reason warranting his release, and any reduction in Angulo-Aguirre's sentence would be inconsistent with the factors set forth in Section 3553(a). (ECF 332).

Angulo-Aguirre is currently serving his sentence at Atlanta FCI—his Bureau of Prisons projected release date is December 30, 2026.

<u>Compassionate Release</u>

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court must then "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, any reduction of a defendant's sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(1)(A). Those applicable policy statements—there are six—are set forth in the

3

United States Sentencing Guidelines § 1B1.13.

Finally, neither the recent amendment to the Guidelines nor *Brooker* changed the mandate in § 3582(c)(1)(A)(i) that a court contemplating a defendant's release pursuant to that section must also consider the sentencing factors at 18 U.S.C. § 3553(a), to the extent they remain applicable, and determine whether they counsel for or against release. A court always retains discretion to deny a motion for compassionate release if, in its view, the § 3553(a) factors override what would otherwise present extraordinary and compelling circumstances for release.

<u>Angulo-Aguirre Has Not Exhausted his Administrative Remedies in the BOP</u>

Angulo-Aguirre's motion under Section 3582(c)(1)(A) must be denied for failure to exhaust his administrative remedies. His motion does not include any reference that he sought relief in the first instance from the Bureau of Prisons. While Angulo-Aguirre exhausted his administrative remedies with respect to his 2020 motion (the "COVID-19 Motion"), there is no indication in his present motion that he ever requested early release from the BOP based on family circumstances (his desire to be with his ailing sisters).[1]

Pursuant to Section 3582(c)(1)(A), a compassionate release motion may be made in the district court by either the BOP or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). As this Court has repeatedly recognized, "the administrative-exhaustion requirement is mandatory and cannot be waived." *United States v. Johnson*, No. 10 Cr. 431 (CM), 2021 WL

---

[1] The Sentencing Commission identifies six categories of circumstances that, singly or in combination, may qualify as extraordinary and compelling reason to grant release. Relevant here is the third category: "Family circumstances of the defendant. Where the defendant is the "only available caregiver" for an immediate family member, this may support a sentence reduction." See § 1B1.13(b)(3).

1222234, at *2 (S.D.N.Y. Apr. 1, 2021); *see United States v. Guzman*, No. 11 Cr. 514 (CM), 2022

WL 1120284, at *1 (S.D.N.Y. Jan. 5, 2022) ("where a compassionate release motion is brought by

a defendant who has not 'fully exhausted all administrative rights,' the district court 'may not'

modify his term of imprisonment"); *United States v. Wright*, No. 17 Cr. 695 (CM), 2020 WL

1922371, at *3 (S.D.N.Y. Apr. 20, 2020) (holding that "compliance with a statutorily imposed

exhaustion requirement could not be waived by a court in the absence of the government's

consent"); *United States v. Colon*, No. 10 Cr. 197-02 (CM), 2020 WL 4496761, at *1 (S.D.N.Y.

Aug. 4, 2020) (same).

   Angulo-Aguirre must exhaust his "Family Circumstances" claim with the BOP, prior to

moving before the district court on that basis.

   The motion is denied.

Dated: April 9, 2025

_____

Colleen McMahon
United States District Court Judge